IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERWYN FREEMAN, JR.,          :          CIVIL ACTION NO. **3:CV-05-2600**
                                             :
           Plaintiff            :          (Judge Munley)
                                             :
           v.                   :          (Magistrate Judge Blewitt)
                                             :
GUY FLECK, DANIEL WOMELDORF     :
and                             :
UNITED STATES OF AMERICA        :
                                             :
           Defendants           :


### REPORT AND RECOMMENDATION

**I. Background**.

The Plaintiff, Sherwyn D. Freeman, Jr., an inmate at the United States Penitentiary at

Allenwood ("USP-Allenwood"), Pennsylvania, filed, *pro se,* this joint *Bivens*[1] action pursuant to

28 U.S.C. § 1331 and Federal Tort Claims Act ("FTCA") action pursuant to 28 U.S.C. § 1346 and

§ 2680, on December 16, 2005.  Plaintiff names as Defendants with respect to the *Bivens* portion

of his pleading two individuals employed by the Federal Bureau of Prisons ("BOP") at USP-

Allenwood, namely Correctional Officer ("CO") Guy Fleck and Lieutenant Daniel Womeldorf.  With

respect to his FTCA action, Plaintiff names the United States of America as Defendant.  (Doc. 1, pp.

1-2).  Plaintiff claims that the individual Defendants "illegally housed Plaintiff on Disciplinary

Segregation status (D/S status henceforth) for 135 days... ."  (*Id*., p. 2, ¶ IV.).  Plaintiff states that

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct.
1999 (1971).
        Recently, also on December 16, 2005, Plaintiff filed a joint *Bivens* and FTCA action, Civil
No. 05-2596, M.D. Pa.

Defendants violated his due process rights.

Specifically, Plaintiff alleges that in the middle of May 2004, while he was housed in the SHU for a fight with another inmate, Defendant Womeldorf told him that when the other inmate with whom Plaintiff had a fight went home in a few weeks, Defendant would put Plaintiff back into general population.  (*Id.*, p. 2 handwritten statement).  Plaintiff alleges that this Defendant told him that he (Defendant) would place Plaintiff's current "D/S time 'on the shelf' and release Plaintiff to general population."  Plaintiff avers that Defendant Womeldorf said that if he (Plaintiff) "screwed up again" Defendant would make him serve the remainder of his D/S time of about 600 days.  (*Id.*). Plaintiff then states that on June 1, 2004, he was released into general population.

On June 7, 2004, Plaintiff states that he requested the warden to change his prison work detail, and soon thereafter, the warden arbitrarily ordered him to be placed in SHU lock down. Plaintiff states that upon his arrival at the SHU, Defendant Womeldorf "arbitrarily and illegally placed Plaintiff on D/S status and ordered officer Guy Fleck to place Plaintiff on D/S range... ."  (*Id.*). Plaintiff concludes that Defendants "illegally housed the Plaintiff in the SHU ... for 135 days [June 7, 2004 to October 19, 2004] with no justification."  Plaintiff states that he did not refuse to work; rather, he merely asked the warden to change his work detail.  Plaintiff claims that he did not receive an incident report or a DHO hearing with respect to his confinement in the SHU from June 7, 2004 to October 19, 2004 and that this is a violation of his due process rights.  (*Id.*).

As stated, Plaintiff also attempts to join an FTCA action along with his *Bivens* suit without specifying his FTCA claim.  Plaintiff simply indicates that the United States of America is an additional Defendant and that the United States has waived sovereign immunity for an FTCA action.  (Doc. 1,

p. 2).  Plaintiff also states that he exhausted his administrative remedies regarding his FTCA claim against the United States and received a final denial from the Bureau of Prisons ("BOP") on November 30, 2005.  (*Id.*, p. 1).[2]

As relief, Plaintiff requests two million dollars in damages from both individual Defendants and the United States, as well as punitive damages in the same amount. (*Id.*, p.3, ¶ V.).

This case is construed as a Fifth Amendment due process claim of SHU confinement against the two individual Defendants.   Insofar as Plaintiff seeks to jointly file a *Bivens* civil rights suit and an FTCA action, we have previously ordered Plaintiff that he could not jointly file such actions.  *See* Order of September 2005 denying Plaintiff's Motion to Amend his pleading in Civil No. 04-1546.

Since the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act of 1995 (the "PLRA")[3] obligates the Court to engage in a screening process.[4]   Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal

---

[2]Plaintiff also attempted to join an FTCA action with a *Bivens* action in his other case filed on 12-16-05,  Civil No. 05-2596.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]The Plaintiff completed an application to proceed *in forma pauperis* and an authorization to have funds deducted from his prison account.  The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account.  (Docs. 2, 3 & 5).

> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

In reviewing the complaint under 28 U.S.C. §1915(e)(2)(B), we find that the Plaintiff is unable to maintain his FTCA action against the United States jointly in this *Bivens* case.   We also find that Plaintiff's *Bivens* action, based on the face of his pleading, fails to state a Fifth Amendment claim.

## II.  Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## III. *Bivens.*

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of

an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992). In Plaintiff's FTCA action, only the United States can be named as Defendant.[5]  Likewise, the United States cannot be named as a Defendant in a *Bivens* action.

Plaintiff must file his FTCA action within six (6) months after the agency, here BOP, issued its final denial of his administrative claim (Form SF-95). *See* 28 U.S.C. § 2401(b). Plaintiff has until May 30, 2006 to file his FTCA action.

As we indicated in a Report and Recommendation in Plaintiff's prior 04-1546 case, as well as in our September 2005 Order denying Plaintiff's Motion to Amend his pleading in his prior case, 04-1546, Plaintiff cannot pursue his negligence claim against the United States in a *Bivens* action alleging a violation of a constitutional right by prison officials.  As we have previously indicated to Plaintiff, he must file a separate FTCA action solely against the United States. *See Jaffee v. U.S.*, 592 F.2d 712, 717-18 (3d Cir.), *cert. denied,* 441 U.S. 961 (1979) (no waiver of United States' sovereign immunity for suits alleging constitutional violations).

_____

[5] Since CO Fleck and Lt. Womeldorf are party Defendants in this *Bivens* action, Plaintiff must sue the United States separately as a Defendant in an FTCA action, and  the United States cannot simply be added as a Defendant herein since it did not waive sovereign immunity for a *Bivens* claim.

**IV. Discussion.**

*1. Fifth Amendment Bivens Claim*

As discussed, Plaintiff alleges that the individual Defendants illegally placed him on D/S status in the SHU for 135 days without any just cause or without charging him for any BOP violation. Plaintiff also indicated that Defendant Womeldorf agreed to place his pending D/S time for a fight with another inmate "on the shelf" after the release from prison of the other inmate, and told Plaintiff that if he "screwed up again" Plaintiff would be made to serve the remainder of his 600 days of D/S time.   While Plaintiff claims that Defendants placed him back in the SHU for 135 days without a hearing, Plaintiff clearly indicates that after he requested the warden to change his work status, a request the warden construed as a refusal of Plaintiff to work, Plaintiff was housed again in the SHU and remained there for 135 days.  Thus, according Plaintiff's own pleading, he was being made to serve a portion of the remaining 600 days of his D/S time previously imposed on him for the fight incident which Defendant Womeldorf had put "on the shelf" pending Plaintiff's good behavior.  Plaintiff fails to implicate any liberty interest with respect to his claim that the Defendants made him serve 135 more days in the SHU on D/S status for his request to the warden since this was part of the D/S time which Plaintiff had been sanctioned as a result of a prior fight incident with another inmate.  Also, confinement in the SHU for 135 days does not implicate a liberty interest.

The Plaintiff claims that the Defendants violated his rights by placing him in the SHU for 135 days following the June 7, 2004 incident with the warden when he requested a job detail change without charging him for an offense and without giving him any hearings, *i.e.,* PRC or DHO hearings. The Plaintiff states that the Defendants also violated his rights by causing him to lose certain prison

privileges while he was confined in the SHU.

The Plaintiff has not alleged that he had a "protected liberty interest" that was infringed by the Defendants' actions. "[T]hese interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[T]he baseline for determining what is 'atypical and significant'--the 'ordinary incidents of prison life'--is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his conviction in accordance with due process of law." *Griffin v. Vaughan*, 112 F.3d 703, 706 (3d Cir. 1997) *quoting Sandin*, 515 U.S. at 486.

The Plaintiff avers that the Defendants' conduct in part caused him to lose certain of his prison privileges and to lose his general population status as well as caused him to be placed in the segregated housing unit for 135 days.

In *Griffin*, the Court found that confinement of a prisoner in restrictive housing for fifteen (15) months did not implicate a constitutionally protected liberty interest. Based on *Sandin* and *Griffin*, the Plaintiff's Complaint as against Defendants Fleck and Womeldorf fails to state a claim, since the 135 days SHU unit detention which was suspended D/S time from a prior fight incident involving Plaintiff, did not give rise to a protected liberty interest. Further, no liberty interest is implicated by the Plaintiff because he had no right to a particular prison classification, *i.e.* general population classification. It is well-settled that an inmate has no recognizable constitutional right to a particular custody status. *See Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997).

7

We also find that the Plaintiff is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* a change in his custody status level and/or security housing level in the prison.   The Court will not generally interfere with prison administration matters such as the prison's decision to place Plaintiff in a particular security level.   The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration.  *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002).[6]

---

[6]We also find that Plaintiff's claim that he was illegally placed in the SHU for 135 days may be *Heck*-barred, insofar as his remaining 600 days of D/S time imposed as a result of a prior fight incident with another inmate was only suspended by Defendant Womeldorf pending Plaintiff's good behavior.  Plaintiff must first successfully challenge his DHO guilty finding for the fight in question, which originally caused his D/S time to be imposed, *via* a § 2241 habeas petition.    Plaintiff's claims against the Defendants may be barred by *Heck,* which precludes a §1983 [§ 1331] claim challenging a Plaintiff's conviction.  As the Third Circuit recently stated, "[u]nder *Heck*, a § 1983 [§ 1331] action that impugns the validity of the Plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."  *Gilles v. Davis*, C.A. No. 04-2542, (3d Cir. 10-25-05), slip op. 21.  Here, Plaintiff is claiming that Defendants ordered that he serve 135 more days D/S time in the SHU from the remaining 600 days D/S time that were  suspended from his previous fight incident.

**V.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's *Bivens* action be dismissed for failure to state a claim.  It is further recommended that the matter be dismissed without prejudice as to Plaintiff's FTCA action, since it cannot be joined with his *Bivens* action.[7]


s/ Thomas M. Blewitt__
THOMAS M. BLEWITT
United States Magistrate Judge

**Dated: January 9, 2006**

---

[7] As noted above, we have previously directed Plaintiff to file a separate FTCA action against the United States since it did not waive sovereign immunity for a *Bivens* action such as this case.  We have also indicated above that Plaintiff has failed to specify his FTCA claim against the United States in his current *Bivens* pleading.  Further, there is no prejudice to Plaintiff by requiring him to file a separate FTCA action with this Court since, as stated above, he is still well within the applicable time period to do so.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERWYN FREEMAN, JR.,            :        CIVIL ACTION NO. **3:CV-05-2600**
                                 :
            Plaintiff            :        (Judge Munley)
                                 :
            v.                   :        (Magistrate Judge Blewitt)
                                 :
DARYL BRONKOSKI, et al.,         :
                                 :
            Defendants           :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 9, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


_____  **s/ Thomas M. Blewitt**
                        **THOMAS M. BLEWITT**
                        **United States Magistrate Judge**

**Dated: January 9, 2006**