IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHERWYN FREEMAN, Jr.,**<br>**Plaintiff**<br>v.<br>**GUY FLECK, DANIEL WOMELDORF,**<br>**and the UNITED STATES OF**<br>**AMERICA,**<br>**Defendants** | No. 3:05cv2600<br><br>(Judge Munley) |

## MEMORANDUM

Presently before the Court for disposition is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Thomas M. Blewitt.  He suggests that we dismiss Plaintiff Sherwyn Freeman, Jr.'s complaint because it fails to state a claim upon which relief may be granted.  Freeman has filed objections.  For the following reasons, we will adopt the R&R.

**I.    BACKGROUND[1]**

Plaintiff Sherwyn D. Freeman is an inmate at the United States Penitentiary at Allenwood ("USP-Allenwood"), Pennsylvania.  Defendants, Officer Guy Fleck and Lieutenant Daniel Womeldorf are both employed by the Federal Bureau of Prisons at USP-Allenwood.

Freeman was placed on Disciplinary Segregation ("D/S") status in the Segregated Housing Unit ("SHU") at USP-Allenwood after getting into a fight with another inmate.  In May 2004, while housed in the SHU, Womeldorf told Freeman that his current D/S time would be placed "on the shelf" once the inmate with whom Freeman fought was released from the prison.  Subsequently, on June 1, 2004, Freeman was released into the general prison population, with the remainder of his approximately 600 D/S time placed "on the shelf."  Womeldorf told Freeman that if he had  additional disciplinary problems, his remaining D/S time would be reinstated.

---

[1]The following facts are derived from Freeman's complaint.

On June 7, 2004, Freeman requested Warden Williamson to change his work detail from clerk to yard worker. Williamson construed this request as a refusal to work. Freeman was returned to the SHU and his D/S time was reinstated. Freeman remained on D/S in the SHU until October 19, 2004. Freeman claims his right to due process was violated as a result of his return to D/S status without an incident report or a DHO hearing. Freeman suffered extreme depression and mental anguish due to his D/S status.

Freeman claims that D/S time may never be placed "on the shelf." He argues that when an inmate is released into the general prison population before serving all of their D/S time, the remaining D/S time must be erased and it cannot be suspended and reinstated without a DHO hearing.

## II.   PROCEDURAL HISTORY

Freeman filed his complaint in the United States District Court for the Middle District of Pennsylvania on December 16, 2005. United States Magistrate Judge Thomas M. Blewitt reviewed his complaint pursuant to 28 U.S.C. § 1919(e)(2) and proposed, in his R&R, that Freeman's claim be dismissed for failing to state a claim. Magistrate Judge Blewitt construed Freeman's claim, "as a Fifth Amendment due process claim against two individual defendants." (R&R p. 3.) The R&R suggested that the plaintiff's claims pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)[2] be dismissed for failure to state a claim. Magistrate Judge Blewitt also informed Freeman that he cannot maintain his Bivens claim in the same case as his FTCA

---

[2]Bivens created a federal cause of action for victims of constitutional violations caused by federal agents with two exceptions: (1) when there are "special factors counseling hesitation in the absence of affirmative action by Congress," and (2) when defendants prove there is an equally effective remedy explicitly declared to be a substitute for direct recovery under the Constitution. 403 U.S. at 396-97.

claim and directed him to file a separate FTCA action against the United States.

**III.   JURISDICTION**

Because the cause of action arises under both the Constitution and a law of the United States, original jurisdiction in this Court is conferred pursuant to 28 U.S.C. § 1331.

**IV.   STANDARD OF REVIEW**

In disposing of objections to a magistrate's report and recommendation, the district court must make a de novo determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.  The judge may also receive further evidence or recommit the matter to the magistrate with instructions.  Id.

A complaint filed in forma pauperis is subject to a preliminary review by the district court.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A pro se complaint shall be held to, "less stringent standards than formal pleadings drafted by lawyers" and shall only be dismissed in the event that it appears beyond a doubt, "that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**V.     DISCUSSION**

The R&R concluded that Freeman's complaint was deficient on two counts. First, Freeman failed to state a <u>Bivens</u> claim. Also, the R&R found that a <u>Bivens</u> claim against an agent of the United States may not be joined with a FTCA claim against the United States in a single action, so the FTCA claim should be dismissed. We will address each issue in seriatim.

**A.     <u>Bivens</u>**

The R&R found that Freeman failed to allege a Fifth Amendment right to due process claim pursuant to <u>Bivens</u>. We agree. <u>Sandin v. Conner</u> held that, "a prisoner has no constitutional right to any procedure safeguards – regardless what state statutes or regulations provide – unless the deprivation complained of imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" 515 U.S. 472, 484 (1995).

The <u>Sandin</u> court recognized that even the prison's general population could expect a significant amount of lock-down time as a result of their status as prisoners. <u>Id.</u> Accordingly, the <u>Sandin</u> court found:

> discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. . . disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody . . . Thus [the prisoner's] confinement did not exceed similar but totally discretionary confinement in either duration or degree of restriction. Indeed, the conditions at [the institution] involve significant amounts of "lockdown" time even for inmates in the general population.

<u>Griffin v. Vaughan</u>, 112 F.3d 703 (3d Cir. 1997) (citing <u>Sandin</u> at 486). In <u>Griffin</u>, the court found that Griffin's fifteen month confinement in administrative custody, without procedural due process, did not implicate a constitutionally protected liberty interest. 112 F.3d 703. While in administrative custody, Griffin was denied radios, televisions, telephone calls, and literature other than a personal

4

Bible.  Id. at 706-07.  The Griffin court found these restrictions placed on Griffin, while in administrative custody, fall "within the expected parameters of the sentence imposed [on him] by a court of law."  Id. at 708.

Freeman was burdened by similar restrictions for 135 days after his return to the SHU from June 7 until October 19, 2004.  Freeman, like Griffin, was denied access to radios, newsletters and magazines.  Thus, these restrictions fall within "the range of conditions a sentenced inmate would reasonably expect to encounter."  Id. at 706 n.2.  Therefore, because the restrictions placed on Freeman after returning to the SHU did not impose an atypical or significant hardship in relation to the sentence previously imposed by a court of law Freeman does not have a protected interest.  Accordingly, Freeman has failed to state a Bivens claim.

### B.    FTCA

Although we find that Plaintiff may join an FTCA action in the same case with a Bivens action,[3] we find that he has failed to state a claim under the FTCA.  "[A]n action under the FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward."  Carlson, 446 U.S. at 23 (citing 28 U.S.C. § 1346).  Freeman adds no allegations in support of his FTCA claims other than his allegation that he was returned to the SHU without a hearing.  We can discern no Pennsylvania cause of action based on this allegation.

### VII.  CONCLUSION

Therefore, for the reasons expressed above, we find that Freeman has

---

[3] See Carlson v. Green, 446 U.S. 14, 20 (1980) (finding it "crystal clear that Congress views FTCA and Bivens as parallel, complimentary causes of action"); see also Ortiz v. Pearson, 88 F. Supp. 2d 151 (S.D.N.Y. 2000) (denying motion to sever Bivens and FTCA claims into separate trials).

5

failed to state under Bivens or the FTCA.  Accordingly, we will adopt the R&R and dismiss Freeman's claims with prejudice.  We dismiss with prejudice because amendment will be futile and we will not grant leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002) (requiring that a district court dismissing a case pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim must allow the plaintiff leave to amend unless amendment would be inequitable or futile).  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHERWYN FREEMAN, Jr.,** <br> **Plaintiff** <br> v. <br> **GUY FLECK, DANIEL WOMELDORF, and the UNITED STATES OF AMERICA,** <br> **Defendants** | No. 3:05cv2600 <br><br> **(Judge Munley)** |

## **ORDER**

**AND NOW**, to wit, this 31st day of July 2006, it is hereby

**ORDERED** that:

1) We **ADOPT** the Report and Recommendation (Doc. 6);

2) We **DISMISS** Plaintiff's Complaint (Doc. 1) with prejudice.

3) Plaintiff's Motion to Proceed In Forma Pauperis (Doc 2) is hereby **GRANTED** solely for the purpose of filing the complaint.

3) The Clerk of Court is directed to close this case.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        United States District Court